# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | |
| RICKEY ERROL OWEN, ) | Case No. 03-21846-TLM |
| ) | |
| Debtor. ) | |
| _____ ) | SUMMARY ORDER |
| ) | |
| RICKEY ERROL OWEN ) | |
| ) | |
| Plaintiff, ) | Adv. Case No. 04-06181-TLM |
| ) | |
| v. ) | |
| ) | |
| JILL LUNDSTROM; IDAHO ) | |
| TRANSPORTATION ) | |
| DEPARTMENT, DEPARTMENT ) | |
| OF THE STATE OF IDAHO; JOHN ) | |
| DOES 1-10, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Judgment in the above captioned adversary proceeding was entered in favor of defendant Jill Lundstrom ("Defendant") on July 7, 2006, dismissing the complaint filed by Rickey Errol Owen ("Plaintiff"). Doc. Nos. 94, 95. On July 17, 2006, Plaintiff filed a motion for a new trial (the "New Trial Motion") and a motion to amend findings or judgment (the "Motion to Amend Findings"). Doc. Nos. 98, 99. Both motions have been noticed by Plaintiff for hearing on August

SUMMARY ORDER - 1

17, 2006. Doc. No. 103.[1]

Plaintiff did not file any supporting affidavits or memoranda of law with these motions. Instead, Plaintiff filed an "Ex Parte Motion for Extension of Time to Serve Supporting Documents and Affidavits" (the "Ex Parte Motion"), Doc. No. 100. He asks the Court to issue an order setting an August 4, 2006 deadline to serve and file memoranda of law and/or points and authorities, and affidavits in support of his New Trial Motion and Motion to Amend Findings. It appears that Plaintiff intends the Ex Parte Motion also to be set for hearing August 17, 2006. *See* Doc. No. 103 (Ex Parte Motion noted for August 17, 2006 hearing in docket entry, but not in the actual notice of hearing as filed). The Court, however, will address the Ex Parte Motion through this Summary Order without hearing.

Fed. R. Bankr. P. 9023, incorporating Fed. R. Civ. P. 59, applies to cases and adversary proceedings under the Bankruptcy Code. Fed. R. Civ. P. 59 deals with motions for new trials and amendment of judgments. Specifically, Fed. R. Civ. P. 59(b) requires any motion for a new trial to be filed "no later than 10 days after entry of the judgment." Motions to amend the court's findings or judgment are subject to the same 10-day deadline. *See* Fed. R. Bankr. P. 7052, incorporating Fed. R. Civ. P. 52(b). The 10-day period runs upon entry of the judgment regardless of observance of the noticing requirements of Fed. R. Bankr. P. 9022.

---

[1] Defendant previously filed a motion to amend the Court's judgment to include attorney fees and costs, which she noticed for an August 17, 2006 hearing. Doc. Nos. 96, 97.

SUMMARY ORDER - 2

*See* 10 Collier on Bankruptcy, ¶ 9023.02 at 9023-4 (15th ed. rev. 2006).[2] Here, the 10-day deadline expired July17, 2006. *See* Fed. R. Bankr. P. 9006(a) (computation of time). Both of Plaintiff's motions were timely filed.

Under Fed. R. Civ. P. 59(c), as incorporated by Fed. R. Bankr. P. 9023, when a motion for a new trial is based on affidavits, the affidavits must be filed with the motion. Fed. R. Bankr. P. 9006 does not allow the Court to enlarge the time for the movant to do so. *See* Fed. R. Bankr. P. 9006(b)(2). ("The court may not enlarge the time for taking action under Rule[] . . . 9023[.]").

However, Fed. R. Civ. P. 59(c) does not apply to affidavits filed in support of a Fed. R. Civ. P. 52(b) motion to amend findings. Furthermore, Fed. R. Civ. P. 59 does not impose deadlines on briefing or supporting memoranda of law.[3]

Based on the foregoing:

Plaintiff's Ex Parte Motion is DENIED IN PART. The Bankruptcy Rules do not allow the Court to extend the Fed. R. Civ. P. 59(c) deadline to file affidavits in support of a new trial motion, so that aspect of the Ex Parte Motion is not well taken.

Plaintiff's Ex Parte Motion is GRANTED IN PART, because the Bankruptcy Rules do not address deadlines for affidavits supporting Fed. R. Civ.

---

[2] In this case, though, the Court's clerk complied with Fed. R. Bankr. P. 9022(a) by immediately serving Plaintiff with the judgment. *See* Doc. No. 95 at 3 (certificate of service).

[3] *See Anderson v. Thompson*, 144 F.R.D. 393, 395 (E.D. Wash. 1992).

SUMMARY ORDER - 3

P. 52(b) motions, or supporting memoranda of law.

Therefore, all parties in interest have until August 4, 2006 to submit (1) affidavits supporting or opposing Plaintiff's Motion to Amend Findings; and (2) memoranda of law supporting or opposing either Plaintiff's Motion for New Trial or Motion to Amend Findings.

Additionally, upon review of the record, the Court will also ORDER any memoranda or affidavits regarding Defendant's motion to amend judgment to include attorney fees and costs to be filed by August 4, 2006 as well.

DATED: July 19, 2006

TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

SUMMARY ORDER - 4