# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| IN RE ) | | |
| ) | | |
| RICKEY ERROL OWEN, ) | | Case No. 03-21846-TLM |
| ) | | |
| Debtor, ) | | |
| ) | | |
| _____ ) | | MEMORANDUM OF |
| RICKEY ERROL OWEN ) | | DECISION ON PLAINTIFF'S |
| ) | | POST-TRIAL MOTIONS |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | Adv. Case No. 04-06181-TLM |
| ) | | |
| JILL LUNDSTROM; IDAHO ) | | |
| TRANSPORTATION ) | | |
| DEPARTMENT, DEPARTMENT ) | | |
| OF THE STATE OF IDAHO; JOHN ) | | |
| DOES 1-10, ) | | |
| ) | | |
| Defendants. ) | | |
| _____ ) | | |

## I. BACKGROUND

Rickey Errol Owen ("Plaintiff"), acting *pro se*, brought the above-captioned adversary proceeding against Jill Lundstrom ("Defendant") and the Idaho Transportation Department, seeking return of three vehicle certificates of title Defendant held as a lienholder, and to force the Idaho Transportation Department to issue new titles listing William Arthur Smyth as lienholder. Adv. Doc. No. 1. Following trial and entry of a Memorandum of Decision, the Court entered judgment in Defendant's favor. Adv. Doc. Nos. 94, 95.

MEMORANDUM OF DECISION ON PLAINTIFF'S POST-TRIAL MOTIONS - 1

Plaintiff filed several post-trial motions. He moves the Court under Fed. R. Civ. P. 59(a) and 59(e), incorporated by Fed. R. Bankr. P. 9023, for a new trial, or in the alternative, to alter or amend its judgment. Adv. Doc. Nos. 98 (motion), 109 (brief).[1] Plaintiff also moves the Court to amend its findings of fact and conclusions of law under Fed. R. Civ. P. 52(b), incorporated by Fed. R. Bankr. P. 7052. Adv. Doc. Nos. 99 (motion), 109 (brief).[2] All of Plaintiff's post-trial motions were timely filed. *See* Fed. R. Civ. P. 52(b), 59(b).

Hearing on these motions was held August 17, 2006. Defendant did not file any written objections, but argued at hearing that Plaintiff did not meet the legal standards for granting motions under either Fed. R. Civ. P. 52 or 59. The Court took the motions under advisement, and has considered all of the written and oral submissions of the parties.

## II. DISCUSSION AND DISPOSITION

### A. Fed. R. Civ. P. 52(b)

---

[1] Plaintiff's Fed. R. Civ. P. 59 motion and the supporting memorandum assert the Court: failed to decide the issues raised in the complaint; lacked impartiality which violated Plaintiff's 6th Amendment rights; misrepresented Darlene Spade's testimony; made erroneous legal conclusions; erroneously allowed certain evidence presented by Defendant; and improperly excluded certain evidence offered by Plaintiff.

[2] Plaintiff's Fed. R. Civ. P. 52(b) motion and the brief contend the Court's failure to amend its findings of fact and conclusions of law would "jeopardize[] the system of registration of vehicles with the various State Motor Vehicle Departments, in that anybody obtaining a certificate of title can claim an interest in the property as described therein without primary evidence of the existence of an obligation for the performance of a debt[.]" In addition, though somewhat hard to tell from Plaintiff's brief, he appears to assert many of the same grounds for his Fed. R. Civ. P. 52(b) motion as his Fed. R. Civ. P. 59 motion. *See also* Adv. Doc. Nos. 110, 114.

MEMORANDUM OF DECISION ON PLAINTIFF'S POST-TRIAL MOTIONS - 2

Rule 52(b) states in relevant part:

On a party's motion filed no later than 10 days after entry of judgment, the court may amend its findings – or make additional findings – and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59.

The purpose of Fed. R. Civ. P. 52(b) is to allow a court to correct manifest errors of law or fact, or in limited circumstances to allow presentation of "newly discovered" evidence.[3] It does not allow an unsatisfied party to relitigate old issues, advance new theories, or get a rehearing on the merits. *Gutierrez v. Ashcroft*, 289 F. Supp. 2d 555, 561 (D.N.J. 2003).

Plaintiff proposes 21 amendments to the Court's findings of fact, although the last proposal is really a request for costs under Fed. R. Bankr. P. 7054(b) in the amount of $14,646.63. Doc. No. 99 at 5.[4] The amendments proposed by Plaintiff simply represent his version of the facts of this case, and his interpretation of the law he believes governs the outcome. He also proposes alternate remedies.

The Court has reviewed Plaintiff's proposed amendments and concludes it did not make a manifest error of law or fact in this case. The Court had ample time to consider the positions advanced by the parties, the testimony of the witnesses and the documentary evidence presented at trial, and it did so prior to

---

[3] Plaintiff's arguments are based on perceived errors of fact or law. He does not present claims of newly discovered evidence within the limitations and scope of the Rule.

[4] The request for costs is improper under Fed. R. Bankr. P. 7054(b) because Plaintiff did not prevail. The Court assumes it was included just in case other aspects of the motion were successful and Plaintiff became the prevailing party. As addressed herein, that did not happen.

MEMORANDUM OF DECISION ON PLAINTIFF'S POST-TRIAL MOTIONS - 3

issuing its Memorandum of Decision in this case. The findings of fact and conclusions of law contained therein were based on the evidence, including credibility of the witnesses who testified at trial, and the Court's interpretation of legal authorities. The Court is satisfied its conclusions are supported by the weight of the evidence and the law.

The Court concludes Plaintiff's motion under Fed. R. Bankr. P. 7052, incorporating Fed. R. Civ. P. 52, is not well taken and it will be denied.

**B.     Fed. R. Civ. P. 59(a), 59(e)**

Rule 59(a) provides the grounds by which the Court may grant a new trial:

> A new trial may be granted to all or any of the parties and on all or part of the issues . . . (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in equity in the courts of the United States.

The "reasons" noted in the Rule are few, but granting a motion for a new trial under Fed. R. Civ. P. 59(a)(2) is appropriate if the moving party demonstrates a manifest error of fact, a manifest error of law, or newly discovered evidence. *Janas v. Marco Crane & Rigging Co. (In re JWJ Contracting Co.)*, 287 B.R. 501, 514 (9th Cir. BAP 2002).

Similarly, under Fed. R. Civ. P. 59(e), a party may move the court to alter or amend its judgment, so long as: (1) the court is presented with newly discovered evidence, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law. *Circuit*

MEMORANDUM OF DECISION ON PLAINTIFF'S POST-TRIAL MOTIONS - 4

*City Stores, Inc. v. Mantor*, 417 F.3d 1060, 1064 (9th Cir. 2005) (citation omitted). Such a motion cannot be used to cure procedural or evidentiary inadequacies, advance arguments that should have been presented at trial or reargue contentions already presented. *In re Moore*, 01.4 I.B.C.R. 134, 135 (Bankr. D. Idaho 2001).

As already noted, Plaintiff has not presented any newly discovered evidence. Nor does he cite an intervening change in the law that would affect the Court's analysis or judgment. He does assert the Court committed several errors of law and fact,[5] and that it conducted the trial in a manner that was manifestly unjust by, *inter alia*, incorrectly admitting and excluding certain evidence.

Specifically, Plaintiff argues Defendant's Exhibit 9 should be excluded because it was not disclosed prior to trial. *See* Adv. Doc. No. 64. The exhibit is Plaintiff's own "Second Set of Requests for Admissions" which Plaintiff attempted to utilize in a state court matter between Plaintiff and Defendant. Defendant used this exhibit to rebut testimony given by Plaintiff during trial. Rebuttal exhibits are not subject to pretrial disclosure. Further, Plaintiff failed to object at trial to its admittance. Accordingly, the Court did not err.

Plaintiff also argues the Court violated Idaho's parol evidence rule by allowing Veronica Beck, Ron Spears and Don Harkins to testify, and considering oral testimony to adduce the intent of two parties to a written agreement. First,

---

[5] Most are subsumed by the Rule 52 motion and the ruling above, and are not repeated here.

MEMORANDUM OF DECISION ON PLAINTIFF'S POST-TRIAL MOTIONS - 5

Plaintiff failed to object to this testimony during trial. Second, the written agreement was found ambiguous, as the Court addressed in its post-trial Memorandum of Decision, and testimony would have been properly admitted even had there been objection. Third, Plaintiff had the opportunity to cross-examine each of these witnesses. The Court is entitled to, and did, evaluate all testimony for credibility and weight.

Plaintiff also claims the Court improperly excluded relevant documentary evidence "as testified by Steven David of aver and Rickey Errol Owen on the matter of Plaintiff tendering payments against IOU's." Adv. Doc. No. 98 at 3. Plaintiff does not elaborate in his supporting memorandum. Adv. Doc. No. 109. If anything, this Court was generous at trial in allowing Plaintiff's evidence to be admitted.[6]

The remainder of Plaintiff's grounds for Fed. R. Civ. P. 59 relief consist of legal arguments he has already expressly made, or that he could have made, at trial. Plaintiff's motion pursuant to Fed. R. Bankr. P. 9023, incorporating Fed. R. Civ. P. 59(a) and 59(e), is also not well taken and it will be denied.

## III. CONCLUSION

Plaintiff's motions, Adv. Doc. Nos. 98 and 99, will be denied by a separate order.

---

[6] Moreover, the alleged tendering of payments on the IOU's was of little relevance to the factual and legal issues presented on whether the debt was secured.

MEMORANDUM OF DECISION ON PLAINTIFF'S POST-TRIAL MOTIONS - 6

DATED: August 31, 2006



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION ON PLAINTIFF'S POST-TRIAL MOTIONS - 7

## **CERTIFICATE RE: SERVICE**

A "notice of entry" of the Decision and Order has been served on Registered Participants as reflected by the Notice of Electronic Filing. A copy of the Decision and Order has also been provided to non-registered participants by first class mail addressed to:

Rickey Errol Owen
206 N. 4th Ave.
Sandpoint, ID 83864

Adversary Case No. 04-06181-TLM

Dated: August 31, 2006

/s/

_____
Jeremy J. Gugino
Law Clerk, Chief Bankruptcy Judge Terry L. Myers