## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| **RICKEY ERROL OWEN,** | ) | **Case No. 03-21846-TLM** |
| | ) | |
| **Debtor,** | ) | |
| ―――――――――――――――――― | ) | |
| | ) | **MEMORANDUM OF** |
| **RICKEY ERROL OWEN** | ) | **DECISION ON DEFENDANT** |
| | ) | **LUNDSTROM'S POST-** |
| **Plaintiff,** | ) | **TRIAL MOTIONS FOR** |
| | ) | **COSTS AND ATTORNEY'S** |
| **v.** | ) | **FEES** |
| | ) | |
| **JILL LUNDSTROM; IDAHO** | ) | |
| **TRANSPORTATION** | ) | **Adv. Case No. 04-06181-TLM** |
| **DEPARTMENT, DEPARTMENT** | ) | |
| **OF THE STATE OF IDAHO; JOHN** | ) | |
| **DOES 1-10,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| ―――――――――――――――――― | ) | |

## I.    INTRODUCTION

Rickey Errol Owen ("Plaintiff") brought this adversary proceeding against

Jill Lundstrom ("Defendant") seeking the return of three vehicle certificates of

title, and against the Idaho Transportation Department seeking to compel its

issuance of new certificates of title for those vehicles, listing Plaintiff as owner and

William Arthur Smyth as lienholder.  The Court ultimately concluded Defendant

held an enforceable security interest in Plaintiff's vehicles and entered judgment in her favor.  Adv. Doc. Nos. 94, 95.

Defendant moves the Court pursuant to Fed. R. Bankr. P. 9023, incorporating Fed. R. Civ. P. 59, to amend its judgment in the adversary proceeding to include an award of costs and attorney's fees.  Adv. Doc. Nos. 96, 107, 108.  Defendant cites Fed. R. Bankr. P. 7054, LBR 7054.1, Fed. R. Civ. P. 54(d), Fed. R. Bankr. P. 7068, Idaho R. Civ. P. 68, as well as various provisions of the Idaho Code governing the award of costs and attorney's fees.  *Id*.

Plaintiff objects generally to Defendant's request, arguing such an award would violate his civil rights and negate the "fresh start" policy underlying the Bankruptcy Code.  Adv. Doc. No. 106.

Defendant's claimed out of pocket costs consist of $79.20 for "transcription fees."  Adv. Doc. No. 96 at 2.  Defendant's attorney's fees total $12,708.00, *id.*, and are supported by an itemized inventory of the services provided.  Adv. Doc. No. 96 at attach. 1.  Defendant's counsel also filed an affidavit in support of Defendant's request which included four letters regarding settlement negotiations in this case.  Adv. Doc. No. 108, Exs. 1-4.  Defendant's motions were argued on August 17, 2006, and taken under advisement.  This Memorandum of Decision represents the Court's findings and conclusions on the same.

MEMORANDUM OF DECISION ON DEFENDANT LUNDSTROM'S POST-TRIAL
MOTIONS FOR COSTS AND ATTORNEY'S FEES - 2

## II.    DISCUSSION AND DISPOSITION

### A.    Defendant's motion under Fed. R. Bankr. P. 9023

Pursuant to Fed. R. Bankr. P. 9023, Fed. R. Civ. P. 59 "applies in cases under the Code."  Upon timely motion, Fed. R. Civ. P. 59(e) allows the Court to alter or amend its judgment on a matter.  However, such a motion will be granted only if: (1) the court is presented with newly discovered evidence, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law.  *Circuit City Stores, Inc. v. Mantor*, 417 F.3d 1060, 1064 (9th Cir. 2005) (citation omitted).

Rule 59(e) should not be used to request attorney's fees when the legal issues raised by such a request are collateral to the merits of the underlying case. *White v. New Hampshire Dept. of Empl. Sec.*, 455 U.S. 445, 451 (1981). Accordingly, Defendant's Fed. R. Bankr. P. 59(e) motion will be denied.

### B.    Defendant's motion for costs under Fed. R. Bankr. P. 7054, Fed. R. Civ. P. 54(d), LBR 7054.1

#### 1.    Fed. R. Civ. P. 54(d)

Defendant cites Fed. R. Civ. P. 54(d) in her supporting memorandum for costs and attorney's fees.  Adv. Doc. No. 107 at 2.  That Rule is inapplicable in bankruptcy.  *See* Fed. R. Bankr. P. 7054 (specifically incorporating Fed. R. Civ. P. 54(a) - (c) in adversary proceedings); *Palmer v. Downey (In re Downey)*, 00.1 I.B.C.R. 36 (Bankr. D. Idaho 2000) (finding Fed. R. Civ. P. 54(d) inapplicable to

MEMORANDUM OF DECISION ON DEFENDANT LUNDSTROM'S POST-TRIAL MOTIONS FOR COSTS AND ATTORNEY'S FEES - 3

bankruptcy proceedings).  To the extent Defendant relied on Fed. R. Civ. P. 54(d)

for costs or attorney's fees, her motion will be denied.

### 2.    Fed. R. Bankr. P. 7054(b); LBR 7054.1

Pursuant to Fed. R. Bankr. P. 7054(b) the Court "may allow costs to the

prevailing party except when a statute of the United States or these rules otherwise

provides."  In this District, such a prevailing party must satisfy several procedural

requirements under LBR 7054.1 before costs will be awarded.  *Thomason Farms,*

*Inc. v. Tri-River Chem. Co. (In re Thomason Farms, Inc.)*, 02.2 I.B.C.R. 107, 109

(Bankr. D. Idaho 2002).  An award of costs under the Rule is discretionary.

*Downey*, 00.1 I.B.C.R. at 36 (citation omitted).

First, the claimant must serve and file a cost bill within 14 days of entry of

judgment.  LBR 7054.1(a).  The cost bill must itemize costs, and be supported by a

certificate of counsel attesting the costs are correctly stated, were necessarily

incurred, and are allowed by law.  *Id.*  Taxable costs under LBR 7054.1 include:

clerk's fees and service fees allowable under 28 U.S.C. § 1920, costs of trial or

other transcripts if requested by the Court or prepared pursuant to stipulation,

deposition costs, witness fees, mileage and subsistence, costs of reproducing

exhibits, costs of maps, diagrams and charts, and other costs with prior court

approval.  *See* LBR 7054.1(c)(1)-(8).  A certificate of counsel is prima facie

MEMORANDUM OF DECISION ON DEFENDANT LUNDSTROM'S POST-TRIAL
MOTIONS FOR COSTS AND ATTORNEY'S FEES - 4

evidence of the costs claimed therein. LBR 7054.1(c)(9). This shifts the burden to the opposing party to establish a claim is incorrectly stated. *Id.*

Pursuant to 28 U.S.C. § 1920(2), "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case" may be recovered as costs by the prevailing party. This is limited, however, by LBR 7054.1(c)(2) which states, "[t]he cost of the originals of a trial transcript, a daily transcript, or of a transcript of matters prior or subsequent to trial, furnished the court are taxable . . . *when either requested by the court or prepared pursuant to stipulation*." (emphasis added).

In this case, Defendant was clearly the "prevailing party." *See* LBR 7054.1(b) ("prevailing party" includes a litigant who "successfully defends against" an action). Her request for costs, though not in preferable form, was timely filed, and contained the requisite certificate of counsel.

Defendant's claimed costs for "transcription fees" was discussed at the August 17, 2006 hearing. Defendant represented, somewhat obliquely, that "transcription fees" referred to the costs of transcribing an "earlier hearing" (apparently Plaintiff's § 341(a) meeting). Part of this transcript was used as rebuttal evidence and published at trial. However, it was not requested by the Court, nor was it prepared pursuant to stipulation.

MEMORANDUM OF DECISION ON DEFENDANT LUNDSTROM'S POST-TRIAL MOTIONS FOR COSTS AND ATTORNEY'S FEES - 5

Although Plaintiff did not specifically object to this cost, the bankruptcy court independently reviews cost requests notwithstanding the absence of objections.  This Court has previously denied costs for transcripts of a debtor's examination that did not meet the conditions of LBR 7054.1(c)(2).  *Oldemeyer v. Couch-Russell (In re Couch-Russell)*, 04.1 I.B.C.R. 9, 11 (Bankr. D. Idaho 2004). It will do the same here.  Defendant's request for reimbursement of costs under Fed. R. Bankr. P. 7054(b) and LBR 7054.1 will be denied.

### C.    Attorney's fees under bankruptcy law

No general right to attorney's fees for prevailing parties exists in adversary litigation in Bankruptcy Court.  *Jenkins v. Sroufe (In re Sroufe)*, 01.1 I.B.C.R. 35, 38 (Bankr. D. Idaho 2001) (citing *Fobian v. Western Farm Credit Bank (In re Fobian)*, 951 F.2d 1149, 1153 (9th Cir. 1991)).  However attorney's fees can be recoverable in federal litigation, including bankruptcy cases, under applicable case law where there is bad faith or harassment by the losing party.  *Id.*

Insufficient facts exist to support a finding of bad faith or harassment by Plaintiff in this case that would allow Defendant her attorney's fees under this theory.[1]

---

[1] The Court incorporates here its discussion of Idaho Code § 12-121, *infra*.

MEMORANDUM OF DECISION ON DEFENDANT LUNDSTROM'S POST-TRIAL MOTIONS FOR COSTS AND ATTORNEY'S FEES - 6

### D.    Attorney's fees under Idaho state law

A prevailing party in a bankruptcy proceeding may be entitled to an award of attorney's fees in accordance with applicable state law *if* state law governs the substantive issues raised in the proceedings. *Travelers Cas. & Sur. Co. v. Pac. Gas & Elec. Co.*, 167 Fed. Appx. 593 (9th Cir. 2006) (citing *Ford v. Baroff (In re Baroff)*, 105 F.3d 439, 441 (9th Cir. 1997)); *Sroufe*, *supra*.

In this case, the outcome turned on whether the signed certificates of title held by Defendant met the requirements of a security agreement under Idaho Code §§ 28-9-102(73) and 28-9-203. Accordingly, Idaho state law governed the substantive issues in this case and Defendant may seek attorney's fees accordingly.

### 1.    Attorney's fees under Idaho Code § 12-121

Defendant first requests attorney's fees under Idaho Code § 12-121, which states in relevant part:

> In any civil action, the judge may award reasonable attorney's fees to the prevailing party or parties, provided that this section shall not alter, repeal or amend any statute which otherwise provides for the award of attorney's fees.

The statute is limited by Idaho R. Civ. P. 54(e)(1), which allows award of attorney's fees under Idaho Code § 12-121 "only when [the court] finds, from the facts presented to it, that the case was brought, pursued or defended frivolously, unreasonably or without foundation[.]"

MEMORANDUM OF DECISION ON DEFENDANT LUNDSTROM'S POST-TRIAL MOTIONS FOR COSTS AND ATTORNEY'S FEES - 7

Defendant states in her supporting memorandum that "[a]ll costs were a direct consequence of Plaintiff's failure to act reasonably[.]" Adv. Doc. No. 107 at 6. Counsel for Defendant also filed an affidavit in which he states Plaintiff "treated me in a condescending and inflammatory manner" throughout the case "fully taxing my ability to remain calm in my presentation of an offer [of settlement] that was entirely one-sided in Plaintiff's favor." Adv. Doc. No. 108 at 2, ¶ 7. Defendant's Counsel attached the four letters noted above: the two settlement offers from Defendant and the corresponding rejections from Plaintiff. Adv. Doc. No. 108, Exs. 1-4.

Plaintiff's allegedly shabby treatment of Defendant, along with his unwillingness to settle, appear to form the basis for Defendant's contention that "Plaintiff's pursuit of this case . . . represents a clear example of a party engaging in an action that was brought and pursued frivolously, unreasonably, and without foundation[.]" Adv. Doc. No. 108 at 3, ¶ 8.

Although settlement offers are generally admissible for reasons other than establishing liability, Idaho's Supreme Court has repeatedly held that "a trial court's consideration of failed settlement negotiations, or of a refusal to negotiate a settlement, when deciding whether to award attorney's fees is prohibited under Idaho law." *Bailey v. Sanford*, 86 P.3d 458, 468 (Idaho 2004) (quoting *Smith v. Angell*, 830 P.2d 1163, 1167 (Idaho 1992)). *See also Ross v. Coleman*, 761 P.2d

MEMORANDUM OF DECISION ON DEFENDANT LUNDSTROM'S POST-TRIAL MOTIONS FOR COSTS AND ATTORNEY'S FEES - 8

1169 (Idaho 1988) (holding the failure to enter into or conduct settlement negotiations is not a basis for awarding attorney's fees); *Payne v. Foley*, 639 P.2d 1126 (Idaho 1982) (stating there is no authority for a trial court to insist upon, oversee, or second guess settlement negotiations, if any, and certainly no authority to impose sanctions for "bad faith" bargaining).[2]

Accordingly, the Court will not consider Plaintiff's alleged conduct during the course of settlement negotiations with Defendant or related allegations that Plaintiff may have acted in an "inflammatory" or "condescending" manner.  These are not grounds for attorney's fees under Idaho Code § 12-121.  Defendant's motion under § 12-121 will be denied.

### 2.    Attorney's fees under Idaho Code § 12-120(3)

Defendant next seeks an award of attorney's fees pursuant to Idaho Code § 12-120(3) which states:

> In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services *and in any commercial transaction* unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs.

---

[2] Defendant failed to cite any of this Idaho case authority.  She also failed to offer a good faith argument as to how this longstanding case law can be legitimately distinguished based on the facts of this case.  In fact, Defendant cites no authority at all except Idaho Code § 12-121.  The failure to cite or address controlling authority is not just exceedingly poor practice, it exposes litigants and their counsel to potential sanction inquiries.

MEMORANDUM OF DECISION ON DEFENDANT LUNDSTROM'S POST-TRIAL MOTIONS FOR COSTS AND ATTORNEY'S FEES - 9

The term "commercial transaction" is defined to mean all transactions except transactions for personal or household purposes.

(emphasis added).

A court is not required to award attorney's fees under this statute every time a commercial transaction is connected with a case. *Bingham v. Montane Res. Assoc.*, 987 P.2d 1035, 1041 (Idaho 1999). There are instead two stages of analysis in determining whether a prevailing party can avail itself of Idaho Code § 12-120(3): (1) there must be a commercial transaction that is integral to the claim; and (2) the commercial transaction must be the basis upon which recovery is sought. *Great Plains Equip., Inc. v. Northwest Pipeline Corp.*, 36 P.3d 218, 223 (Idaho 2001). The critical test is whether the commercial transaction comprises the gravamen of the lawsuit. *Id*. (citing *Bingham*, 987 P.2d at 1041). In other words, there must be a nexus between the commercial transaction and the lawsuit. *Freiburger v. J-U-B Eng'rs, Inc.*, 111 P.3d 100, 108-09 (Idaho 2005) (citing *Cont'l Cas. Co. v. Brady*, 907 P.2d 807, 812 (Idaho 1995)).

The dealings between Plaintiff and Defendant do not constitute a commercial transaction. Plaintiff and Defendant lived together and the obligations arose in that context, and the Court concludes they were for "personal or household purposes." The fact that Idaho's Uniform Commercial Code was involved in resolving the question of security for repayment of the obligations does

MEMORANDUM OF DECISION ON DEFENDANT LUNDSTROM'S POST-TRIAL MOTIONS FOR COSTS AND ATTORNEY'S FEES - 10

not require a conclusion that a "commercial" transaction existed within the limitations of the Idaho authorities.[3]

Furthermore, the gravamen of the adversary proceeding was whether Plaintiff and Defendant intended to create a security interest in the vehicles, and whether the signed certificates of title met the requirements of a valid security agreement under state law. In other words, the Court was determining the rights, if any, of the respective parties pursuant to the certificates of title. The gravamen was not any arguable commercial transaction.

As in *Edwards v. Edwards*, 842 P.2d 307 (Idaho Ct. App. 1992), which addressed whether to award attorney's fees under Idaho Code § 12-120(3), the Court here concludes:

> [N]either party was attempting to recover against the other on the basis of any "integral" commercial transaction -- such a transaction simply was not the "gravamen of the lawsuit." Instead, the purpose of the . . . action was to ascertain whether there existed a binding, contractual relationship between the parties . . . focusing on the parties' actions as they affected [that] relationship[].

*Id*. at 308-09.

The burden is on the claimant to prove entitlement to attorney's fees under Idaho Code § 12-120(3). Defendant failed to carry that burden. Accordingly,

---

[3] Defendant did testify that one of the loans was to help Plaintiff start a business. However, she did not elaborate on this transaction at trial, or in her post-trial submissions. Without sufficient factual detail in the record, the Court does not find this portion of the funds owed by Plaintiff or the subsequent lien Defendant acquired in Plaintiff's vehicles were part of or constituted a "commercial transaction" under Idaho Code § 12-120(3).

Defendant's request for attorney's fees under Idaho Code § 12-120(3) will be

denied.

> ### E.    Costs and attorney's fees under Fed. R. Bankr. P. 7068; Fed. R. Civ. P. 68

Defendant claims she is entitled to an award of costs and attorney's fees

pursuant to Fed. R. Bankr. P. 7068 ("Offer of Judgment"), incorporating Fed. R.

Civ. P. 68, which states:

> At any time more than 10 days before the trial begins, a party
> defending against a claim may serve upon the adverse party an offer
> to allow judgment to be taken against the defending party for the
> money or property or to the effect specified in the offer, with costs
> then accrued. If within 10 days after the service of the offer the
> adverse party serves written notice that the offer is accepted, either
> party may then file the offer and notice of acceptance together with
> proof of service thereof and thereupon the clerk shall enter judgment.
> An offer not accepted shall be deemed withdrawn and evidence
> thereof is not admissible except in a proceeding to determine costs.

The "critical feature of this portion of the Rule is that the offer be one that

allows judgment to be taken against the defendant for both the damages caused by

the challenged conduct and the costs then accrued." *Marek v. Chesny*, 473 U.S. 1,

5 (1985). Additionally, the Rule contemplates a form of offer capable of

acceptance and filing or, if not accepted, later presentation to the Court in support

of a claim to post-offer costs. The balance of the Rule makes this clear:

> If the judgment finally obtained by the offeree is not more favorable
> than the offer, the offeree must pay the costs incurred after the
> making of the offer.

Defendant's request fails for several reasons. First, nowhere in the record or in Defendant's settlement letters to Plaintiff is there an offer to let judgment be taken against Defendant. There is a way to comply with Fed. R. Civ. P. 68 and to set the stage for recovery of post-offer costs. Defendant did not do it. Second, the Rule contemplates an offer of judgment and a less favorable judgment obtained by the offeree. Plaintiff did not receive a judgment after Defendant's offers to settle.[4] Therefore, Fed. R. Civ. P. 68 does not apply.

Plaintiff's request for costs and attorney's fees pursuant to Fed. R. Bankr. P. 7068, incorporating Fed. R. Civ. P. 68 will be denied.

**F.    Costs and attorney's fees under Idaho R. Civ. P. 68**

Finally, Defendant argues she is entitled to costs and attorney's fees pursuant to Idaho R. Civ. P. 68.

The first problem is that Idaho R. Civ. P. 68 does not apply. The Federal Rules of Civil Procedure apply "irrespective of the source of subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003); *see also Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1028 (9th Cir. 2003). Accordingly, Fed. R. Civ. P. 68 controls this case, and Idaho R. Civ. P. 68

---

[4] A careful reading of Fed. R. Civ. P. 68 shows it "applies only to offers made by the defendant and only to judgments obtained by the plaintiff." *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981). *See also* 10 Collier on Bankruptcy ¶ 7068.02 at 7068-3 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev. 2006).

MEMORANDUM OF DECISION ON DEFENDANT LUNDSTROM'S POST-TRIAL MOTIONS FOR COSTS AND ATTORNEY'S FEES - 13

is inapplicable.  *See Powers Candy Co. v. Morgan (In re Morgan)*, 84 I.B.C.R. 8, 9

(Bankr. D. Idaho 1984) (finding Idaho R. Civ. P. 54(d) inapplicable in federal

courts).  The second problem is that Idaho's Supreme Court interprets Idaho R.

Civ. P. 68 consistent with the federal interpretation of Fed. R. Civ. P. 68.  *Jones v.*

*Berezay*, 815 P.2d 1072, 1074 (Idaho 1991) (quoting *Delta Air Lines, supra*); *see*

*also Ireland v. Ireland*, 855 P.2d 40, 46 (Idaho 1993).[5]  So the defects noted

regarding Fed. R. Civ. P. 68 would be equally applicable to the Idaho Rule.[6]

### III.   CONCLUSION

For the reasons stated, Defendant's motions will be denied in their entirety.

An order consistent with this decision will be issued by the Court.

---

[5]  The Idaho Court of Appeals apparently came to a contrary conclusion in *Stewart v. McKarnin*, 120 P.3d 748,750 (Idaho Ct. App. 2005).  However, were this Court to make a determination on the merits under Idaho R. Civ. P. 68, it would be bound by the decisions of Idaho's highest court.  *See Glendale Assocs., Ltd. v. NLRB*, 347 F.3d 1145, 1154 (9th Cir. 2003).

[6]  There is a third problem.  Even if applicable, Idaho R. Civ. P. 68 does not give a right to "attorney's fees," only costs.  Defendant again fails to cite relevant authority, and what is mentioned is misconstrued.  Defendant cites *Odziemek v. Wesely*, 634 P.2d 623 (Idaho 1981) for the proposition that an award of attorney's fees under Idaho R. Civ. P. 68 "may be specifically appropriate in certain cases."  Adv. Doc. No. 107 at 4.  However, in that case, the court noted "[i]t is clear from the record that the award of attorney fees to [defendant] was made pursuant to I.C. § 12-121."  *Odziemek*, 634 P.2d at 623.  Only costs, exclusive of attorney's fees, were awarded in that case pursuant to Idaho R. Civ. P. 68.  *Id.*  In fact, Idaho's Supreme Court in *Ireland v. Ireland*, 855 P.2d 40, 46 (Idaho 1993) specifically held that "Rule 68 is not intended to provide for an award of attorney fees."  (citing *Vulk v. Haley*, 736 P.2d 1309, 1313 (Idaho 1987)).  Defendant again fails to cite relevant authority, and what is mentioned is misconstrued.

MEMORANDUM OF DECISION ON DEFENDANT LUNDSTROM'S POST-TRIAL
MOTIONS FOR COSTS AND ATTORNEY'S FEES - 14

DATED: August 31, 2006



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION ON DEFENDANT LUNDSTROM'S POST-TRIAL
MOTIONS FOR COSTS AND ATTORNEY'S FEES - 15

## CERTIFICATE RE: SERVICE

A "notice of entry" of the Decision and Order has been served on Registered Participants as reflected by the Notice of Electronic Filing.  A copy of the Decision and Order has also been provided to non-registered participants by first class mail addressed to:

Rickey Errol Owen
206 N. 4th Ave.
Sandpoint, ID 83864

Adversary Case No. 04-06181-TLM

Dated: August 31, 2006

/s/

_____
Jeremy J. Gugino
Law Clerk, Chief Bankruptcy Judge Terry L. Myers

MEMORANDUM OF DECISION ON DEFENDANT LUNDSTROM'S POST-TRIAL MOTIONS FOR COSTS AND ATTORNEY'S FEES - 16